FILED
01-13-2021
John Barrett
Clerk of Circuit Court
2021CV000199
Honorable Kevin E. Martens-27
Branch 27

EXHIBIT "A"

**STATE OF WISCONSIN CIRCUIT COURT MILWAUKEE COUNTY**

JODI LUCHETTA,
7240 S. 37th Place
Franklin, WI 53132,

Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT INC.,
3260 Tillman Drive, Suite 75
Bensalem, PA 19020,

Defendant.

**SUMMONS**

Case No.:

Classification Code: 30301

**Jury Trial Demanded**

Amount claimed is greater than the amount under Wis. Stat. § 799.01(1)(d).

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A

Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated: January 12, 2021

ADEMI LLP

By: *Electronically signed by Mark A. Eldridge*
Mark A. Eldridge (State Bar No. 1046105)
*Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

FILED
01-13-2021
John Barrett
Clerk of Circuit Court
2021CV000199
Honorable Kevin E. Martens-27
Branch 27

STATE OF WISCONSIN CIRCUIT COURT MILWAUKEE COUNTY
CIVIL DIVISION

JODI LUCHETTA,
7240 S. 37th Place
Franklin, WI 53132,

Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT INC.,
3260 Tillman Drive, Suite 75
Bensalem, PA 19020,

Defendant.

**COMPLAINT**

Case No.:_______________
Classification Code: 30301

**Jury Trial Demanded**

COMES NOW Plaintiff Jodi Luchetta, by her Attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

**PARTIES**

3. Plaintiff Jodi Luchetta is an individual who resides in Milwaukee County.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301, in that the debt arose from an agreement or series of agreements to defer payment.

6. Defendant Monarch Recovery Management, Inc. ("Monarch") is a foreign corporation with its principal place of business located at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020.

7. Monarch is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Monarch is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Monarch is a debt collector as defined in 15 U.S.C. § 1692a. and Wis. Stat. § 427.103(3).

**FACTS**

10. On or about February 21, 2020, Monarch mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "SYNCHRONY BANK." A copy of this letter is attached to this Complaint as Exhibit A.

11. Upon information and belief, the alleged debt referenced in Exhibit A was incurred through the use of a credit card, used exclusively for personal, family, and household purposes.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter, used by Monarch to attempt to collect alleged debts.

14. Upon information and belief, Exhibit A was the first written communication Monarch sent to Plaintiff regarding this alleged debt.

15. Plaintiff received Exhibit A within a few days of its mailing.

16. Exhibit A contains language that largely reflects the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

17. The above language is confusing and misleading to the unsophisticated consumer, and does not adequately advise the consumer of her rights.

18. The representation that Monarch will assume the debt is valid "unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof," is false, deceptive, and misleading to the unsophisticated consumer, and is inconsistent with the consumer's right to dispute the debt.

19. 15 U.S.C. § 1692g states:

> (a) Notice of debt; contents.
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing—

…

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

…

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed … the debt collector shall cease collection of the debt, or any portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment … and a copy of such verification or judgment … is mailed to the consumer by the debt collector.

…

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt….

20. Although the consumer does not trigger verification of the debt unless she disputes the debt in writing, there is no requirement that the consumer dispute the debt *in writing* to avoid having the debt collector assume its validity. *See, e.g., O'Boyle v. GC Servs.*, No. 16-cv-1384, 2018 U.S. Dist. LEXIS 82991, at *8 (E.D. Wis. May 17, 2018) ("a dispute under § 1692g(a)(3) need not be in writing.") (citing *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 347 n.6 (7th Cir. 2018)); *see also, Smith v. GC Servs. L.P.*, No. 16-cv-1897, 2017 U.S. Dist. LEXIS 93710, at *7-8 (S.D. Ind. June 19, 2017) (collecting cases and finding, "whereas Subsections 1692g(a)(4) and (a)(5) include a writing requirement, the text of the Subsection 1692g(a)(3) 'plainly does not.'") (quoting *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014)).

21. For example, if a consumer notifies the debt collector that a debt is disputed by telephone, the debt collector cannot report the dispute to credit bureaus without the "disputed" flag. 15 U.S.C. § 1692e(8); *see, Evans*, 889 F.3d at 347 n.6 (citing *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 249-50 (5th Cir. 2017); *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 66-67 (1st Cir. 1998)).

22. The representation that the consumer must dispute the debt in writing is false, deceptive, misleading, unfair, and inconsistent with the disclosure of the consumer's right to dispute the debt.

23. The practical effect of requiring written disputes is to discourage consumers from communicating disputes. *See, Walters v. PDI Mgmt. Servs.*, No. 02-cv-1100, 2004 U.S. Dist. LEXIS 13972, at *17 (Apr. 6, 2004) ("subsection (a)(3) provides some protection to those consumers who dispute a debt but are unable to do so in writing, perhaps the very consumers who are more likely to be unsophisticated."); *Untershine v. Encore Receivable Mgmt.*, No. 18-cv-1484, 2019 U.S. Dist. LEXIS 134377, at *29 (E.D. Wis. Aug. 9, 2019) ("requiring disputes to be in writing would arguably undermine a purpose of the statute by making it more complicated and expensive for consumers to resolve what may be simple errors.").

24. For purposes of Plaintiff's claims under 15 U.S.C. §§ 1692e and 1692e(10), Monarch's omission is a material violation of the FDCPA. The false representation that a consumer cannot obtain any protections unless she disputes the debt in writing would discourage disputes from "the very consumers who are more likely to be unsophisticated." *Walters*, 2004 U.S. Dist. LEXIS 13972, at *17.

25. Plaintiff read Exhibit A.

26. Plaintiff was confused and misled by Exhibit A.

27. The unsophisticated consumer would be confused and misled by Exhibit A.

***The FDCPA***

28. Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

31. 15 U.S.C. § 1692g(b), among other things, provides: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

***The WCA***

32. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

33. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is

"probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

34. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* Wis. Stat. §§ 425.301 through 425.311.

35. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

36. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stat. § 427.104.

37. The Act expressly authorizes injunctive or declaratory relief, authorizing individual actions to enjoin "any person who in making, soliciting or enforcing consumer credit transactions engages in … making or enforcing unconscionable terms or provisions of consumer credit transactions or false, misleading, deceptive, or unconscionable conduct in inducing customers to enter into consumer credit transactions." Wis. Stat. § 426.110(1) and (2).

38. The WCA also authorizes "any customer affected by a violation of chs. 421 to 427 and 429 … or by a violation of the federal consumer credit protection act … [to] bring a civil action on behalf of all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429." Wis. Stat. § 426.110(1).

39. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stat. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stat. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

40. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

41. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship.*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

42. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

**COUNT I – FDCPA**

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. Exhibit A states that the consumer must dispute the debt in writing to prevent the debt collector from assuming its validity.

45. Exhibit A is deceptive, misleading, and confusing to the unsophisticated consumer, and is inconsistent with the consumer's right to dispute the debt by phone.

46. Defendant violated 15 U.S.C. §§ 1692e, and 1692e(10), 1692g(a)(3), and 1692g(b).

**COUNT II – WCA**

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. Exhibit A states that the consumer must dispute the debt in writing to prevent the debt collector from assuming its validity.

49. Exhibit A is deceptive, misleading, and confusing to the unsophisticated consumer, and is inconsistent with the consumer's right to dispute the debt by phone.

50. Exhibit A states that the debt collector has the right to assume the debt is valid unless the consumer disputes the debt by phone and thereby claims a right that the debt collector knows or has reason to know does not exist.

51. Defendant violated Wis. Stat. §§ 426.110(2) and 427.104(1)(j).

**CLASS ALLEGATIONS**

52. Plaintiff brings this action on behalf of a class, consisting of: (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family, or household purposes, (d) between January 12, 2020 and January 12, 2021, inclusive (e) that was not returned by the postal service.

53. The Class is so numerous that joinder is impracticable.

54. Upon information and belief, there are more than 50 members of the Class.

55. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and B violate the FDCPA.

56. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

58. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**JURY DEMAND**

59. Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 12, 2021

**ADEMI LLP**

By: *Electronically signed by Mark A. Eldridge*
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

FILED
01-13-2021
John Barrett
Clerk of Circuit Court
2021CV000199
Honorable Kevin E. Martens-27
Branch 27

# EXHIBIT A

# MONARCH
**Recovery Management, Inc.**
Toll Free 1(844) 280-6009

3260 Tillman Drive, Suite 75
Bensalem, PA 19020
RETURN SERVICE REQUESTED

February 21, 2020

| Account #: | ************6663 |
|---|---|
| Monarch File #: | [redacted]9635 |
| Balance: | **$3199.81** |

Make Check Payable to: Monarch Recovery

JODI LUCHETTA
[redacted]

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 986
BENSALEM PA 19020

Pay Online ACH accepted: www.monarchrm.com and click 'Make a Payment'

* Detach and Return Top Portion to Expedite Processing *

| ACCOUNT INFORMATION | | | |
|---|---|---|---|
| Date of letter: | February 21, 2020 | Creditor: | SYNCHRONY BANK |
| Account #: | ************6663 | | |
| Monarch File #: | [redacted]9635 | Additional Information: | Lowes® ConsumerCreditCard Synchrony Bank |
| **Balance: $3199.81** | | | |

This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK .

The account balance is $3199.81.

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly

**MATT FITHIAN DEBT COLLECTOR**
**TOLL FREE 844-280-6009**

392CZMORM01_1_484719597